**G. RICARDO SALAS, Appellant**

v.

**MANUEL FLORES LEON GUERRERO, Appellee**

Civil No. 45-A

District Court of Guam

Appellate Division

February 17, 1964

---

| | |
|---|---|
| *Counsel for Appellant:* | BARRETT, FERENZ & TRAPP (HOWARD G. TRAPP, of counsel) |
| *Counsel for Appellee:* | HAROLD W. BURNETT, *Attorney General,* Government of Guam |

Before SHRIVER, *Judge*, District Court of Guam; FURBER, *Chief Justice*, and KINNARE, *Associate Justice*, Trust Territory of the Pacific Islands

SHRIVER, *District Judge*

## OPINION

Oral argument has been waived by stipulation. The Island Court issued an alternative writ of mandate to the appellee, the Governor of Guam. The Governor moved to quash and answered. After oral argument the Island Court quashed the alternative writ and denied a peremptory writ. This appeal followed. We agree that the courts of Guam have no jurisdiction to require the Governor to appoint a Commissioner for the Municipality of Agana when the of-

fice becomes vacant as such appointment involves the exercise of a discretion vested in the Governor over the exercise of which the courts have no control.

The office of municipal commissioner in Guam is an elective office. Section 15007 of the Government Code originally required that any vacancy in the office was to be filled by special election but this provision was changed by Public Law 6–81, effective March 11, 1962, to provide:

> Vacancies in the office of Commissioner and Assistant Commissioner shall be filled by appointment of the Governor of Guam by and with the advice and consent of the Guam Legislature, and such appointee shall serve the unexpired portion of the term for which his predecessor was elected and qualified.

Section 15011(f) of the Government Code provides that if there is no Assistant Commissioner the Chief Commissioner shall perform the duties of Commissioner until the vacancy is filled by special election. We first note that Section 15007 requires that a vacancy shall be filled by appointment of the Governor of Guam, but it does not provide who shall be appointed or when he shall be appointed.

The famous case of *Marbury v. Madison*, 1 Cranch 137; 2 L.Ed. 60, established the principle that the Secretary of State of the United States could be required by the courts to deliver an appointment commission even though the President had directed him not to do so. In *Marbury* the appointment had been made. The Secretary of State was required to perform only a ministerial act. The books are replete with cases involving the authority of state courts to require governors to perform ministerial functions or to refrain from acts which were in violation of law. We rely heavily on *Felix v. Government of the Virgin Islands*, 167 F.Supp. 702. In *Felix* the opinion was prepared by now Senior Circuit Judge Albert B. Maris, who was sitting by assignment as Judge of the Virgin Islands District Court. One of the issues involved the question as to whether the Governor of

160

the Virgin Islands was subject to mandate for authorizing the removal of a classified employee without complying with a law which gives such employee a right to file a written statement contesting his removal.

The opinion states in part:

> The defendant contends that this court is without power to direct a mandatory order to the Governor because the exercise of his official duties is not subject to control or review by the courts. I agree that this is true with respect to actions of the Governor which involve the exercise by him of the discretionary and political power which is conferred upon him by the Revised Organic Act as head of the executive branch of the territorial government. As to such matters his action is final and unreviewable. But the same is not necessarily true as to purely ministerial acts of the Governor not involving the exercise of discretion or judgment or as to acts which are prohibited to him by law.

The opinion quotes with approval the following from *Martin v. Ingham* (1888), 38 Kan. 641, 17 P. 162:

> The only acts of public functionaries which the courts ever attempt to control by either injunction or mandamus, are such acts only as are in their nature strictly ministerial; and a ministerial act is one which a public officer or agent is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed . . . .

Reference to the Organic Act of Guam, 48 U.S.C.A. 1421, et seq., will clearly indicate that the use of the word "shall" in legislation does not necessarily eliminate the exercise of discretion. Under Section 1421g the Governor shall establish, maintain and operate public health services; shall provide an adequate public educational system. Under 1422(a) he shall have general supervision and control of all executive agencies. Under 1422c(a) the Governor shall, except as otherwise provided in this chapter or the laws of Guam, appoint, by and with the advice and consent of the legislature,

all heads of executive agencies and instrumentalities, but under 1422c(b) the Governor may appoint or remove any officer whose appointment or removal is not otherwise provided for. And under 1422 the Governor shall be appointed by the President. It would not be contended that any court can require the President to appoint a Governor until he sees fit to do so, 14 Am.Jur. 396.

Whether the person to be appointed is to be the head of an executive agency or a municipal Commissioner is solely a matter of degree. The Governor is held responsible for the appointment. He must exercise his discretion in determining: whether a suitable person is available, whether such person will be satisfactory to the legislature, whether the selection of one person will offend the legislative sponsors of others and possibly spark conflict between the Executive and the Legislative. Whether, when the work is being done by the Chief Commissioner, it is best to wait until the people make their selection at election time? In any event, and fortunately so, the courts may neither help nor hinder the Governor in the discretionary exercise of the appointive power. Affirmed.